IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| VR ACQUISITIONS LLC, | |
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| vs. | |
| WASATCH COUNTY, the JORDANELLE SPECIAL SERVICE DISTRICT, the JORDANELLE SPECIAL IMPROVEMENT DISTRICT NO. 2005-2, JAY PRICE, and DAN MATTHEWS, | Case No.  2:15-CV-18-DAK |
| Defendants. | |

This matter is before the court on Defendants Jordanelle Special Service District, the Jordanelle Special Improvements District No. 2005-2, Jay Price, and Dan Matthews's Motion for Attorney Fees. That Motion for Attorney Fees was later joined by Defendant Wasatch County. The court concludes that a hearing would not significantly aid it in determining these motions. The court has carefully considered the memoranda and other materials submitted by the parties. Now being fully advised, the court renders the following Memorandum Decision and Order.

Defendants other than Wasatch County move for an award of attorney fees and costs in the amount of $440,091.36 pursuant to 42 U.S.C. § 1988, Utah Code Ann. § 78B-5-825, and the court's inherent power. Wasatch County later joined in the motion seeking attorney fees and costs in the amount of $35,422.15 pursuant to the same statutes and powers. Defendants argue that they are entitled to attorney fees and costs because Plaintiff VR Acquisitions LLC's (VRA's) claims were frivolous, unreasonable, or without foundation and because VRA brought the claims for an improper motive. VRA claims that its arguments had a valid legal basis, were

1

different than previous claims, and were not factually groundless. VRA also argues that the Defendants did not establish that VRA acted in bad faith.

Each of the statutes and powers that Defendants cite as allowing the court to award attorney fees and costs in this case have similar standards. In a proceeding to enforces civil rights under 42 U.S.C. § 1983, a court "may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988 (2012). The United States Supreme Court has interpreted that provision to allow a court to exercise its discretion to award attorney fees to a prevailing defendant "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co. v. EEOC¸* 434 U.S. 412, 421 (1978). "A complaint is frivolous where it lacks arguable basis either in law or fact." *Blakely v. USAA Cas. Ins. Co.*, 633 F. 3d 944, 949-950 (10th Cir. 2011) (citations and quotation marks omitted). In exercising its discretion to award fees and costs, courts should "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his [or her] action must have been unreasonable or without foundation." *Christianburg*, 434 U.S. at 421-22. Even if only some of the plaintiff's claims are frivolous, unreasonable, or without foundation, the court may award fees as to those claims. *See Fox v. Vice*, 131 S. Ct. 2205, 2214 (2011).

Under Utah Code § 78B-5-825, attorney fees may be awarded to a prevailing party "if the court determines that the action . . . (1) was without merit and (2) not brought or asserted in good faith." For a court to award attorney fees under this statute, three requirements must be met: "(1) the party must prevail, (2) the claim asserted by the opposing party must be without merit, and (3) the claim must not be brought or asserted in good faith." *Gallegos v. Lloyd*, 178 P.3d 922, 925 (Utah App. 2008) (citation and quotation marks omitted).

2

In addition to the statutes mentioned above, the court has inherent authority to award attorney fees. A court may award attorney fees pursuant to its inherent authority if a party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975) (citations and quotation marks omitted). Attorney fees may also be awarded under the court's inherent authority if the "plaintiff pursued the litigation in bad faith or brought a frivolous, unreasonable, or groundless action." *Autorama Corp. v. Stewart*, 802 F.2d 1284, 1287 (10th Cir. 1986) (citation and quotation marks omitted).

Each of the standards for awarding attorney fees requires the claims to be without merit, the party to have acted in bad faith, or both. Although Defendants prevailed on a motion to dismiss, the court does not find that VRA's claims were wholly without merit or frivolous or that VRA acted in bad faith. The court provided four independent reasons for dismissing VRA's claims. Two of the reasons were that VRA's claims were time barred by the Utah Assessment Area Act and by the statute of limitations. Although the court eventually concluded that those time limitations applied to VRA's claims, VRA had an arguable basis in law and fact for asserting that the time limitations may not apply because the claims related to the constitutionality of statute provisions and the claims alleged fraud and bad faith related to the statutory notice requirements. VRA's claim that its due process rights were violated by the allegedly faulty notice was also not frivolous. VRA argued that, as the current property owner who was experiencing the consequences of the alleged constitutional violation, it could assert the constitutional rights of the prior owners. Although the court concluded that VRA's constitutional rights were not violated because VRA did not exist at the time the notice was issued, the court concludes that VRA's argument was not wholly without merit. Finally, VRA's argument that the notice was false and misleading was not frivolous because the alleged omissions from the notice,

if shown to be required and true, could have demonstrated that the council was biased and prejudiced. However, the court eventually concluded that the omissions were optional pursuant to the relevant statute. Therefore, the court concludes that VRA's claims had sufficient merit to preclude an award of attorney fees and costs and that this case does not reach the level of egregiousness required to award fees and costs against the Plaintiff.

In addition to not being frivolous or without merit, the court also concludes that VRA did not act in bad faith in bringing the present case. VRA had legitimate arguments to be in court and, in its damages, was only seeking to be treated equally with other benefitting landowners and was not seeking to obtain a windfall.

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' motions for attorney fees and costs are DENIED.

DATED this 22nd day of February, 2016.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge